NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG CLAY THORNTON, | No. 16-16668 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00834-SPL |
| v. | |
| CHARLES L. RYAN, Warden, and ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Arizona state prisoner Craig Clay Thornton appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

The district court concluded that Thornton's section 2254 petition was time-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

barred and, in the alternative, denied Thornton's claims as procedurally defaulted and without merit. It granted a certificate of appealability as to the timeliness of the petition, but not as to its remaining rulings. In his opening brief, Thornton contends that the district court erred by dismissing his petition on timeliness grounds without providing him notice and an opportunity to be heard. He further contends that he may be entitled to equitable tolling or to delayed accrual of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B).

The state has now waived the statute of limitations defense. Regardless of the waiver, we lack jurisdiction to review Thornton's contentions because, in light of the district court's alternative denial on the merits, a decision by this court regarding the timeliness of Thornton's petition would not effect the result below. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." (internal quotation marks omitted)).

Thornton has not asked us to expand the certificate of appealability to include the district court's rulings on procedural default or the merits. Although we may grant a certificate of appealability sua sponte, we decline to do so. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (requiring substantial showing of the denial of a constitutional right).

**DISMISSED.**